UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRISHA M. MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:17-cv-000061-AGF |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Trisha May was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be reversed and remanded.

**BACKGROUND**

Plaintiff, who was born on April 3, 1977, protectively filed her application for benefits on September 8, 2014, alleging disability beginning December 24, 2013, due to anxiety disorder, depression, a bulging disc in her neck, and sciatic nerve pain in her leg. On December 12, 2014, Plaintiff's application was denied at the initial administrative level, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ").

1

A hearing was held on June 21, 2016, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. By decision dated July 19, 2016, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined by the Commissioner's regulations, including that she could "lift overhead occasionally with no more than frequent reaching, handling, and fingering." The ALJ relied on Plaintiff's medical records reflecting that Plaintiff had mostly 5/5 strength and otherwise normal range of motion. The ALJ also relied on Plaintiff's activities of daily living, which included helping an older couple with cleaning the bathroom and floors, cooking meals daily, doing the laundry, and sweeping, mopping, and vacuuming.

Although Plaintiff's treating physician, Timothy Graven, D.O., opined that Plaintiff could perform only limited reaching, the ALJ discounted that opinion because Dr. Graven did not cite objective findings in support, and his findings appeared extreme and largely based on Plaintiff's subjective complaints. The ALJ noted that Plaintiff had undergone conservative treatment of her neck and that Dr. Graven's treatment notes indicated that he recommended against surgical intervention, which contradicted his determination that Plaintiff was only able to engage in limited reaching.

The ALJ next found that Plaintiff could perform certain light unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (marker, office helper, mail clerk, and document preparer), which the VE testified that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were

2

available in significant numbers in the national economy. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.

Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration. On July 18, 2017, the ALJ's decision was affirmed by the Appeals Council. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff takes issue with the ALJ's determination that she could perform light work that included frequent reaching because the ALJ fails to properly evaluate the medical opinion evidence provided by Plaintiff's treating physician, Timothy Graven, D.O., which stated that Plaintiff could only perform limited reaching.

**Agency Records, Medical Records, and Evidentiary Hearing**

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Facts (ECF No. 19-1), as amended by Defendant (ECF No. 24-1), and in Defendant's unopposed Statement of Additional Facts (ECF No. 24-2). These statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

**DISCUSSION**

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th

Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work

activities. 20 C.F.R. § 404.1520(c).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform her past relevant work. If the claimant cannot perform her past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

## RFC Finding and Weight of Medical Opinions

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* Here, the Court concludes that the ALJ's RFC determination is not supported by sufficient medical evidence.

5

Under the applicable social security regulations,[1] the opinion of a treating physician is "normally entitled to great weight." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citation omitted). "However, the Commissioner may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence," and "[t]he Commissioner may also assign little weight to a treating physician's opinion when it is either internally inconsistent or conclusory." *Id.*; *see also Prosch v. Apfel*, 201 F.3d 1010, 1013–14 (8th Cir. 2000) (holding that a treating physician's opinion was entitled to less weight because his opinion "conflicted with the medical assessments of every other physician of record").

Here, the ALJ made her determination based on Plaintiff's medical records as a whole, including Plaintiff's treatment records (unrelated to her neck) that indicated normal range of motion. She reviewed the medical source statement completed by Dr. Graven on May 5, 2015, in which he diagnosed Plaintiff with c-spine degenerative disc disease and sacrolitis. Dr. Graven marked that Plaintiff could frequently lift and or carry less than five pounds, that Plaintiff would miss more than two days per month due to pain, fatigue, or other medical issues (without explaining why), and checked a box that Plaintiff's ability to reach was "limited." He did not describe in what ways Plaintiff was limited in the space

---

[1] For claims filed on or after March 27, 2017, the regulations have been amended to eliminate the treating physician rule. The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources," but rather, the Administration will consider all medical opinions according to several enumerated factors, the "most important" being supportability and consistency. 20 C.F.R. § 404.1520c.

provided.  *Lauer v. Apfel*, 245 F.3d 700, 705 (8th Cir. 2001).

The ALJ concluded that Dr. Graven's opinions were inconsistent with his own treatment records and the entirety of Plaintiff's medical records regarding treatment of her neck.  The ALJ determined that Dr. Graven's findings appeared extreme and largely based on Plaintiff's subjective complaints, as his recommendations against surgery, Plaintiff's medical imaging and her conservative treatment did not support this level of restriction.  The ALJ also considered Plaintiff's daily activities, which included personal care, helping an older couple with cleaning the bathroom and floors when able, cooking meals daily, doing the laundry, sweeping, mopping, vacuuming, dusting, driving, and shopping for groceries.  *See Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015) (discounting claimant's description of disabling pain in light of his daily activities).

The ALJ also considered the treatment and improvement in Plaintiff's neck pain following conservative treatment.  "If an impairment can be controlled by treatment or medication, it cannot be considered disabling."  *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) (internal citation omitted).  The ALJ found that Plaintiff reported greatly improved and significant relief with neck, back, and sacroliaiac joint injections on multiple occasions, with 60-100 percent improvement.  The record contains a progress note dated April 4, 2016, which provides: "Regarding her neck, [Plaintiff] states she is doing reasonably well at this point after most recent C6 transforaminal epidural steroid injection.  She is about 60% overall improved [and] the relief has been persistent.  She feels that her low back is more bothersome at this point."  (Tr. 807).  The improvement in Plaintiff's

neck pain is also reflected in Dr. Graven's note on December 15, 2015, that he was not recommending surgical intervention.

A review of Plaintiff's medical records indicates that much of the treatment Plaintiff received for her neck pain was closely related to migraines and numbness in her left hand. On October 20, 2015, Plaintiff reported that her numbness had resolved. However, Plaintiff's headaches appear to have continued despite treatment. Further, the medical records do not contain treatment notes reporting improvement of more than 60 percent.

Lastly, the ALJ considered all of Plaintiffs' records as a whole, including her emergency room records reflecting that Plaintiff had mostly 5/5 strength throughout and otherwise normal range of motion. *See, e.g.*, *Fentress v. Berryhill*, 854 F.3d 1016, 1020–21 (affirming the ALJ's decision to discount a treating physician's opinion regarding the disabling effects of the claimant's back pain and fatigue as inconsistent with "physical examinations during the same time period which showed normal muscle strength, range of motion, and no pain or weakness in extremities").

An ALJ must not substitute her opinions for those of a physician. *See Combs v. Berryhill*, 878 F. 3d 642, 648 (8th Cir. 2017) (holding that the ALJ erred when the ALJ credited the opinion of one physician over another based upon the ALJ's own interpretation of certain phrases in the treating physician's notes); *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008). Here, the record is limited with regard to Plaintiff's specific ability to reach. While an ALJ may disregard a treating physician's opinions if they are internally inconsistent, the ALJ here does not rely on any other medical opinion to

support her conclusion that Plaintiff could frequently engage in reaching, handling, and fingering. Instead, the ALJ simply found that Dr. Graven's finding that Plaintiff be limited to limited reaching was inconsistent with his conservative treatment of Plaintiff. Although not authoritative, the Court also notes that Dr. Graven's medical source statement is consistent with the Disability Determination Explanation prepared by Steven Akeson, Psy. D., which specifically provides that Plaintiff's reaching in any direction, including overhead, is limited "to avoid exacerbation of pain and further damage to [Plaintiff's] back." (Tr. at 82). The lack of a conflicting medical assessment is particularly important because the vocational expert specifically stated that if Plaintiff was limited to only occasional reaching, she would be precluded from performing the jobs described by the expert, such as mail clerk and document preparer. (Tr. at 69-70).

Although an ALJ is not required to retain a consulting expert, *see Martise v. Astrue,* 641 F.3d 909, 927 (8th Cir. 2011), the record here appears underdeveloped as to Plaintiff's reaching ability. The Court is cognizant that "an ALJ is not required to discuss every piece of evidence submitted." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.1998). However, remand is necessary here so that the ALJ can more fully evaluate Plaintiff's limitation as to reaching and retain a consulting expert or additional medical source statements as needed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is

**REVERSED and the case is REMANDED** for further consideration by the ALJ.

A separate Judgment shall accompany this Memorandum and Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2018.